IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**RANDON SPIVERY**                                                              **PLAINTIFF**

v.                                                          CIVIL NO. 1:22-cv-00308-HSO-BWR

**JACKSON COUNTY, MISSISSIPPI, et al.**                           **DEFENDANTS**

### ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte. After considering the record and relevant legal authority, the Court finds that this civil action should be dismissed without prejudice.

### I. BACKGROUND

On November 8, 2022, pro se Plaintiff Randon Spivery filed this civil action challenging the conditions of his confinement under 42 U.S.C. § 1983. Compl. [1] at 3. Plaintiff was housed at the Jackson County Adult Detention Center ("JCADC") in Pascagoula, Mississippi, when he filed his Complaint, and he names Jackson County, Mississippi, and John Does 1-10 as Defendants. *Id*. at 3. Plaintiff avers that his "property came up missing" while he was housed at JCADC, and he seeks monetary compensation for the loss of sentimental and practical items. *Id*. at 4, 7. Plaintiff sought leave to proceed *in forma pauperis* ("IFP") in this case, Mot. [2], but his application for leave to proceed IFP was incomplete, Order [3].

While conducting its initial screening under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A, the Court ordered Plaintiff on November 9, 2022, as follows:

> [O]n or before December 9, 2022, plaintiff shall either pay the required $350.00 (subject to change) filing fee plus a $52.00 (subject to change) administrative fee or file a complete application for leave to proceed *in forma pauperis*, including the section entitled 'Certificate to Be Completed by Authorized Officer' of prison accounts or file an affidavit specifically stating the name of the prison official contacted concerning the Certificate and why this information is not provided to this court.

Order [3] at 1. Plaintiff was warned that "[f]ailure to advise this court of a change of address or failure to comply with any order of this court . . . may result in the dismissal of this case." *Id.* at 2. That Order [3] was mailed to Plaintiff's last-known address, and it was returned to the Court as undeliverable in an envelope marked, "No longer at this facility." Envelope [5]. Plaintiff did not comply with the Court's Order [3] by the December 9 deadline.

On December 12, 2022, the Court ordered Plaintiff to show cause why this case should not be dismissed for his failure to comply with the Court's Order [3]. Order [6] at 2. Plaintiff's responsive deadline was extended to December 28, 2022, and he was again warned "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . will result in this lawsuit being dismissed without prejudice and without further notice to Plaintiff." *Id.* at 2. This Order, with a copy of the Court's November 9 Order, was mailed to Plaintiff at his last-known mailing address at JCADC and at Central Mississippi Correctional Facility ("CMCF") in Pearl, Mississippi—where the Court learned through independent research that Plaintiff had been relocated. *Id.* at 1-2. The mailing sent to JCADC was returned to the Court as undeliverable in an envelope marked, "No longer at this facility." Envelope [7]. The mailing sent to CMCF was not

returned to the Court as undeliverable. Once again, Plaintiff did not comply with the Court's Order [3] by the December 28 deadline.

On January 3, 2023, the Court entered a Second and Final Order to Show Cause, directing Plaintiff to "explain why this case should not be dismissed for failure to comply with the Court's Orders [3] [6]." Order [8] at 2. Plaintiff was directed to file a written response on or before January 17, 2023. *Id.* Plaintiff was also directed, on or before the January 17 deadline, to comply with the Court's November 9 Order [3] "by paying the required filing fee or by filing a complete application for leave to proceed *in forma pauperis*." *Id.* Plaintiff was again warned "[t]hat failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . ***will result*** in this lawsuit being dismissed without prejudice and without further notice to Plaintiff." *Id.* at 3 (emphasis in original). Plaintiff was cautioned that this was his "final opportunity to comply with the Court's Orders [3] [6]." *Id.* That Order, with copies of the Court's November 9 and December 12 Orders [3], [6], was mailed to Plaintiff at both his last-known mailing address at JCADC and at CMCF, and neither mailing was returned to the Court as undeliverable.

To date, Plaintiff has not responded to the Court's November 9, December 12, and January 3 Orders [3], [6], [8] or otherwise contacted the Court about his case since the Complaint was filed.

3

## II. DISCUSSION

The Court may dismiss an action sua sponte for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b). *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendar "of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30; *see also, e.g.*, *Dunn v. Farrell*, 598 F. App'x 332, 333 (5th Cir. 2015) (affirming sua sponte dismissal of a prisoner's case for failure to comply with court orders); *Rice v. Doe*, 306 F. App'x 144, 146 (5th Cir. 2009) (same).

Plaintiff did not comply with three Court Orders [3], [6], [8], after being warned as many times that failing to do so may lead to the dismissal of his case. *See* Second and Final Order to Show Cause [8] at 2; Order to Show Cause [6] at 2; Order [3] at 2. Despite these warnings, Plaintiff has not contacted the Court or taken any action in this case since the Complaint was filed on November 8, 2022. This inaction includes Plaintiff's failure to notify the Court about a change of address, despite being warned many times that it is his responsibility to update his contact information on the Court's docket. *See id.* Given his clear record of delay and contumacious conduct, it is apparent that Plaintiff no longer wishes to pursue this lawsuit. Under these circumstances, dismissal without prejudice is warranted.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute. A separate final judgment will be entered under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 25th day of January, 2023.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE